J-S45004-23

2024 PA Super 11

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANGEL LUIS MERCED :
:
Appellant : No. 231 MDA 2023

Appeal from the Judgment of Sentence Entered September 6, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005625-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANGEL MERCED :
:
Appellant : No. 232 MDA 2023

Appeal from the Judgment of Sentence Entered September 6, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000845-2020

BEFORE:  BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY BOWES, J.: **FILED: JANUARY 22, 2024**

Angel Luis Merced appeals the aggregate judgment of sentence of thirty-six to seventy-two years of imprisonment following his convictions for multiple counts of involuntary deviate sexual intercourse ("IDSI") and related sexual offenses. After review, we vacate the sentencing order and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

We glean the following background from the certified record. At case number 5625 of 2019, Appellant was charged with numerous sex crimes pertaining to minor victims K.P., A.P., and S.P. According to the criminal information, the acts were alleged to have occurred between January 2007 and January 2019, though the testimony at trial bore out that the acts took place from 2007 through the summer of 2009. Counts five, six, and seven were for corruption of minors entailing a course of conduct, a felony of the third degree, in violation of 18 Pa.C.S. § 6301(a)(1)(ii). This provision first became effective on December 6, 2010, nearly four years after Appellant's conduct began and approximately a year after it ceased.

At case number 845 of 2020, Appellant faced numerous charges as to minor victim N.P. Count one was IDSI of a child, in violation of 18 Pa.C.S. § 3123(b), and count two was IDSI of a person less than sixteen years of age, in violation of § 3123(a)(7). Both related to the same act, wherein Appellant blindfolded N.P. and placed his penis into her mouth.

Following a consolidated jury trial, Appellant was found guilty of all charges. The trial court sentenced Appellant to imprisonment as indicated hereinabove. More particularly, the court graded the corruption of minors convictions at case number 5625 of 2019 as felonies of the third degree, and also imposed concurrent sentences for the two IDSI convictions at case number 845 of 2020. Additionally, as part of the sentencing order, the court imposed a condition of no contact with the victims or their families and directed that Appellant may not be within 100 yards of their residences.

Appellant filed a timely post-sentence motion challenging the length of his sentence. The motion was denied by operation of law after the trial court did not render a decision, and these timely appeals followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant presents the following three issues for our review:

1. Did the trial court illegally sentence [Appellant] on counts [five], [six], and [seven] of information 5625 of 2019, for corruption of minors graded as third-degree felonies, rather than first-degree misdemeanors, where 18 Pa.C.S. § 6301(a)(1)(ii) did not exist when the offenses occurred between 2007 and 2009, thus violating the *ex post facto* provisions of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, and where the court did not instruct the jury that an element of the offenses was that [Appellant] had engaged in a course of conduct in violation of Chapter 31?

2. On information 845 of 2020, was the imposition of a sentence for [IDSI] with a child, count [one], illegal as this conviction should have merged without count [two], [IDSI] with a person under the age of [sixteen], where there was only a single act of oral intercourse, and the elements of [IDSI] with a child merged with [IDSI] with a person under age [sixteen]?

3. Did the trial court err in imposing conditions of no contact with the victims or the victims' families, and barring [Appellant] from being within 100 feet of the victims' residences, where the court had no jurisdiction to impose these conditions, as the Pennsylvania Department of Probation and Parole has exclusive authority over state parole conditions, and the Pennsylvania Department of Corrections has exclusive authority over state prison conditions?

---

[1] In its Rule 1925(a) opinion, the trial court stated that it did not contest the issues raised by Appellant and requested that the case be remanded for it to address the same. In the same vein, the Commonwealth filed a letter to this Court indicating that it was not filing a brief and that it would rely upon the trial court's opinion, thus offering no contest to Appellant's claims.

Appellant's brief at 7-8 (cleaned up).

In his first issue, Appellant attacks the legality of his sentences for corruption of minors at case number 5625 of 2019. In so doing, he advances two distinct arguments. First, Appellant contends that the subsection grading the offenses as felonies of the third degree did not exist at the time the crimes occurred, and therefore his sentence arising therefrom violates *ex post facto* prohibitions. Second, he argues that the jury was not instructed by the trial court to make a factual finding as to whether there was a course of conduct, as required to prove § 6301(a)(1)(ii), and likewise the verdict slip did not contain such an interrogatory. Therefore, he believes that his sentences for corruption of minors at this case are illegally graded as felonies of the third degree, and instead should default to misdemeanors of the first degree, consistent with § 6301(a)(1)(i).[2]

We first consider Appellant's contention that his sentences violated *ex post facto* prohibitions. This presents a question of law, and as such, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Lippincott*, 208 A.3d 143, 146 (Pa.Super. 2019).

> Our High Court has stated that the *ex post facto* prohibition
>
> forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the

---

[2] Appellant does not argue that he was improperly convicted of corruption of minors or that the Commonwealth presented insufficient evidence to prove the same; rather, he only asserts that the trial court incorrectly graded the convictions as felonies of the third degree. Therefore, the issue of whether Appellant was properly convicted of the crimes is not before this Court.

time it was committed; or imposes additional punishment to that then prescribed. Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.

***Commonwealth v. Rose***, 127 A.3d 794, 798 (Pa. 2015) (cleaned up). "It is well-settled that for a criminal or penal law to be deemed an *ex post facto* law, two critical elements must be met: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." ***Commonwealth v. Martz***, 232 A.3d 801, 809 (Pa.Super. 2020) (cleaned up). A violation may occur when a law "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime . . . when committed." ***Lehman v. Pennsylvania State Police***, 839 A.2d 265, 269 (Pa. 2003).

As to this issue, Appellant accurately notes that the subsection of corruption of minors with which he was charged and ultimately sentenced, § 6301(a)(1)(ii), was not enacted until December 2010. This crime requires proof of a course of conduct and is graded as a felony of the third degree. During the time of the offenses, however, the comparable corruption statute did not require proof of a course of conduct and any violation was graded as a misdemeanor of the first degree. The record supports the finding that all the acts giving rise to the convictions occurred prior to 2010, when the minor victims resided with Appellant in various places in Pennsylvania. ***See*** N.T. Trial Vol. III, 5/11/22, at 301-02 (Detective Jessica Higgins testifying that the minors resided in the homes in question from 2007 through 2009, and

concluding that all incidents of abuse took place during those years). The testimony from the victims also confirmed that Appellant's conduct occurred during that timeframe.

Therefore, by sentencing Appellant to a felony of the third degree, it is apparent that the sentences applied to acts Appellant committed **before** the statute was enacted. Further, this disadvantaged Appellant by imposing heightened criminal penalties upon him, in the form of a higher graded offense, compared to the applicable corruption statute at the time of the acts. Based on the above, we agree with Appellant that the sentences for corruption of minors at case number 5625 of 2019 violated *ex post facto* prohibitions and therefore must be vacated. Bearing in mind that Appellant has not advocated for vacation of the underlying convictions, we find that the proper remedy is for the trial court to resentence Appellant to the lower graded subsection of corruption of minors effective when the crimes occurred, which was a misdemeanor of the first degree.

Next, Appellant argues that at case number 845 of 2020, his sentence for IDSI of a child as to victim N.P. is illegal because it should have merged with the sentence for IDSI of a person less than sixteen years of age. **See** Appellant's brief at 21-24. This challenge implicates the legality of Appellant's sentence, and as such "our standard of review is *de novo* and our scope of review is plenary." **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa.Super. 2020).

Merger of criminal sentences is governed by § 9765 of the Pennsylvania Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. As this Court has noted, "[t]he language of the legislature is clear. The only way two crimes merge for sentencing is if all elements of the lesser offense are included within the greater offense." **Watson**, **supra** at 941 (citation omitted); **see also Commonwealth v. Cianci**, 130 A.3d 780, 782 (Pa.Super. 2015) (stating that the "relevant question in [a] merger analysis now is whether person can commit one crime without also committing [the] other crime and vice-versa, regardless of whether [the] crimes arose from same set of facts; if [the] elements differ, under [the] legislative mandate of Section 9765, [the] crimes do not merge"). Finally, "[i]f both crimes require proof of at least one element that the other does not, then the sentences do not merge." **Watson**, **supra** at 941.

A person is guilty of IDSI of a person less than sixteen years of age if he "engaged in deviate sexual intercourse with a complainant: who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other." 18 Pa.C.S. § 3123(a)(7). As to IDSI of a child, "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate

sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b).

In support of his position that the sentence for these crimes should merge, Appellant highlights that both convictions arose from the same act of Appellant placing his penis in N.P.'s mouth. **See** Appellant's brief at 22. He states that there is no dispute that N.P. was under thirteen years of age at the time, was not married to Appellant, and Appellant was more than four years older than N.P. **Id**. Appellant argues that under these facts, the Commonwealth necessarily proved all of the elements of IDSI of a child with the same evidence proving IDSI of a person less than sixteen years of age, and therefore IDSI of a child should have merged. **Id**. He alternatively posits that in the event a traditional merger analysis does not apply, this Court should nonetheless determine that the sentences merge because they are different subsections of the same crime and are meant to penalize a single harm. **Id**. at 23 (citing **Commonwealth v. Williams**, 871 A.2d 254 (Pa.Super. 2005)).

Upon review, we do not agree with Appellant that these offenses merge pursuant to § 9765. As Appellant highlights, each crime has statutory elements that are not included in the other. IDSI of a person less than sixteen years of age requires that the actor be more than four years older than, and not married to, the complainant. Neither of those elements is necessary to prove IDSI of a child, which also mandates that the victim be under thirteen years of age. Plainly, a person can commit either one of these crimes without

necessarily committing the other, and therefore they do not merge. **See Cianci**, **supra** at 782; **accord Commonwealth v. Copeland**, 1185 MDA 2022, 2023 WL 6158534 at *4 n.6 (Pa.Super. 2023) (non-precedential decision) (noting that although IDSI of a child and IDSI of a person less than sixteen years of age are both graded as felonies of the first degree, "our legislature clearly intends IDSI with a child to be a separate and the more severe offense").

Further, we reject Appellant's invitation to apply a different merger analysis like that utilized by this Court in our decision in **Williams**. There, we relied upon a 1996 case from this Court, **Commonwealth v. Dobbs**, 682 A.2d 388 (Pa.Super. 1996), which has since been superseded by the enactment of § 9765. **See Cianci**, **supra** at 783 n.2 (stating that the defendant's reliance on **Dobbs** is misplaced, as "[m]erger law has evolved substantially since that case was decided. Instead, [§] 9765 and the 'elements' approach to merger govern [his] issue"). Accordingly, the proper test to be applied is that outlined by § 9765, which as discussed, does not dictate merger of these two offenses.

Accordingly, we find that the trial court did not err in imposing separate sentences for IDSI of a child and IDSI of a person less than sixteen years of age at case number 845 of 2020.

In his final claim, Appellant contends that the court exceeded its authority by imposing conditions in the sentence, particularly those barring Appellant from contacting the victims or their families or prohibiting him from

being within 100 yards of the residences of the victims. *See* Appellant's brief at 25-29. "The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality." ***Commonwealth v. Dennis***, 164 A.3d 503, 510 (Pa.Super. 2017) (citation omitted). Additionally,

> [t]he scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001–02 (Pa.Super. 2006) (cleaned up)

Where the trial court imposes a maximum imprisonment sentence of two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole. *See* 61 Pa.C.S. § 6132; *see also **Commonwealth v. Coulverson***, 34 A.3d 135, 141 (Pa.Super. 2011) (recognizing that "the [PBPP] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years") (cleaned up). Further, the authority to impose a non-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ("DOC"). *See **Commonwealth v. Richardson***, 296 A.3d 623, 2023 WL 2580633 at *2 (Pa.Super. 2023) (non-precedential decision) (vacating state prison sentence when the trial court imposed conditions that the defendant refrain from

contacting with the victims); *see also Commonwealth v. Olivo-Vazquez*, 248 A.3d 463, 2021 WL 37530 at *4 (Pa. Super. 2021) (non-precedential decision) (finding the trial court lacked statutory authority to impose a non-contact provision as part of an appellant's state incarceration sentence). Therefore, trial courts do not have statutory authority to impose conditions on a state sentence, and "any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only." *Coulverson*, *supra* at 141-42 (citation omitted); *see also* 61 Pa.C.S. § 6134(b)(1), (2).

Based on this law, we agree with both Appellant and the trial court that the court lacked authority to impose the conditions it did as part of Appellant's sentence. The maximum term of the aggregate sentence was seventy-two years, and thus the authority to impose a non-contact provision as part of Appellant's state incarceration rested with the Pennsylvania DOC. The PBPP would likewise have the authority to set any similar constraints during Appellant's parole. While the trial court was permitted to **recommend** these conditions be implemented, it could not impose them as a matter of law. Accordingly, we vacate the sentencing order and remand for resentencing. On remand, if it is so inclined, the trial court may suggest implementation of conditions limiting contact or presence at the victims' residence.

In sum, Appellant's sentences for corruption of minors at case number 5625 of 2019, graded as third-degree felonies, cannot stand as they constitute a violation of *ex post facto* prohibitions. The trial court is instructed to resentence Appellant on these offenses as misdemeanors of the first degree.

- 11 -

The sentences for IDSI of a child and IDSI of a person under sixteen years of age at case number 845 of 2020 did not merge pursuant to 42 Pa.C.S. § 9765. Finally, Appellant's sentence was illegal insofar as the trial court imposed conditions that only either the PBPP or DOC had authority to instill.

Sentencing order vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2024