J-S19024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                                :  PENNSYLVANIA
                                                                 :
                          v.                       :
                                                                   :
STEPHEN FRANCIS KRUSKIE           :
                                                                   :
                 Appellant         :  No. 1273 MDA 2023

Appeal from the Judgment of Sentence Entered August 10, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000978-2021

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:           **FILED: JULY 11, 2024**

     Stephen Francis Kruskie ("Kruskie"), appeals from judgment of sentence imposed by the Northumberland County Court of Common Pleas ("trial court") following his guilty plea of two counts of aggravated assault and one count each voluntary manslaughter, recklessly endangering another person, unsworn falsification to authorities, false reports-fictitious reports, homicide by vehicle, accidents involving death or personal injury, reckless driving, careless driving, driving at a safe speed, failure to stop and give information or render aid, and aggravated assault by vehicle.[1]   On appeal, Kruskie

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2503(a)(1), 2705, 4904(a)(1), 4906(b)(2), 2702(a)(1), (4); 75 Pa.C.S. §§ 3732(a), 3742(a), 3736(a), 3714(b), 3361, 3744(a), 3732.1(a).

challenges the legality of his sentence, arguing that his sentence for unsworn falsification to authorities merges with his sentence for false reports-fictitious reports. After careful review, we affirm.

The record reflects that on May 21, 2021, at 11:47 p.m., Coal Township Police responded to a report of Cheyenne Swartz ("Swartz") lying unconscious and severely injured on the 1400 block of West Arch Street in Coal Township. Upon arriving, the police found Swartz bleeding profusely from an open head wound with an apparent road rash on her left leg and her left shoe partially removed. Swartz was pronounced brain dead on May 25, 2021.

During his investigation, Detective Matthew Hashuga with the Coal Township Police Department learned that Kruskie was Swartz's ex-boyfriend and had been with her on the night she was found. On May 24, 2021, Detective Hashuga interviewed Kruskie, who stated that he had spent the day with Swartz and their friends before he drove her home. Kruskie explained that Swartz told him to drop her off approximately four blocks away from her house because the loud muffler on his Jeep would upset her mother. He stated that he watched her safely exit his vehicle while they amicably parted. On the same day as his interview with police, Kruskie consented to a search of his car. Upon searching the vehicle, officers noticed that Kruskie's passenger side door hinge was significantly damaged. Kruskie then informed the police that he dropped Swartz off on the 1400 block of West Arch Street.

In the days that followed, police interviewed mutual friends of Kruskie and Swartz who had been with them the day before Swartz's body was found. The officers learned that Kruskie and Swartz had a turbulent relationship, including that Swartz blocked Kruskie from contacting her phone and she had identified him in her phone as "douche." Police obtained video footage from a home on the 1100 block of West Arch Street, which showed Kruskie's vehicle traveling at a high rate of speed at 11:44 p.m. with the passenger side door ajar and the interior lights on. Examination of Swartz's injuries revealed they were consistent with being dragged along the road before rolling underneath the wheels of a vehicle.

On May 27, 2021, the police conducted an interview with Kruskie where he was read his **Miranda**[2] rights and he agreed to provide a written statement. In his six-page statement, Kruskie wrote that Swartz requested him to drop her off before reaching her mom's house and that she stepped out of his Jeep on good terms. Kruskie signed each page of the statement, indicating his understanding of the implications of providing unsworn false reports to law enforcement under 18 Pa.C.S. § 4904. Thereafter, Detective Hashuga again questioned Kruskie, during which he admitted that he had misrepresented how and why Swartz left his Jeep. He explained that Swartz was threatening suicide as they argued about her drug use and that he was urgently driving

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

her to a hospital. He said that she jumped out of his moving vehicle and he drove away without checking on her condition.

Police arrested Kruskie and the Commonwealth charged him with numerous crimes, including an open count of homicide. On March 8, 2023, Kruskie agreed to enter an open guilty plea to voluntary manslaughter and the remaining aforementioned crimes, including unsworn falsification to authorities and false reports.

On May 31, 2023, the trial court sentenced Kruskie to an aggregate sentence of twenty-five to seventy years. Kruskie timely filed post-sentence motions, which the trial court granted in part and resentenced Kruskie to an aggregate sentence of 16½ to 50 years. Of particular relevance here, the trial court imposed a sentence of nine months to two years in prison for unsworn falsification to authorities to run consecutively to a sentence of 9 months to 2 years in prison for false reports. This timely appeal followed.

Kruskie presents the following issue for our review: "Did the lower court err in ruling that unsworn falsification to authorities 18 Pa.C.S. § [4904(a)(1)] and false reports 18 Pa.C.S. § [4906(b)(2)] do not merge for sentencing purposes?" Kruskie's Brief at 6.

Kruskie argues that his convictions of unsworn falsifications to authorities and false reports arose out of the same criminal act—the false statements he provided to police during their investigation. *Id.* at 10. According to Kruskie, because the premise of both crimes is dishonesty to the

police, "there should not be an over exacting requirement regarding the elements." *Id.*

This claim raises a challenge to the legality of Kruskie's sentence, for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Talley*, 236 A.3d 42, 52 (Pa. Super. 2020).

Section 9765 of the Sentencing Code directs our analysis of whether crimes merge for sentencing purposes:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

When comparing the elements of crimes, "[t]he language of the legislature is clear. The only way two crimes merge for sentencing is if all elements of the lesser offense are included within the greater offense." *Commonwealth v. Merced*, 308 A.3d 1277, 1282 (Pa. Super. 2024) (citation omitted); *see also Commonwealth v. Cianci*, 130 A.3d 780, 782 (Pa. Super. 2015) (stating that the "relevant question in [a] merger analysis now is whether person can commit one crime without also committing [the] other

crime and vice-versa, regardless of whether [the] crimes arose from same set of facts; if [the] elements differ, under [the] legislative mandate of Section 9765, [the] crimes do not merge"). Importantly, "[i]f both crimes require proof of at least one element that the other does not, then the sentences do not merge." *Merced*, 308 A.3d at 1282 (citation omitted). "Section 9765 does not require an evaluation of the specific facts as applied to the elements[; rather,] our analysis begins and ends with the statutory elements of each offense." *Commonwealth v. Faison*, 297 A.3d 810, 834 (Pa. Super. 2023) (citation omitted).

A person commits unsworn falsification to authorities if, "with intent to mislead a public servant in performing his official function, he … makes any written false statement which he does not believe to be true[.]" 18 Pa.C.S. § 4904(a)(1). A person commits false reports to law enforcement authorities if he "pretends to furnish such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident." *Id.* § 4906(b)(2).

Here, each offense contains elements that the other does not, and the offenses cannot merge for sentencing purposes. To support a conviction of unsworn falsification to authorities under section 4904(a)(1), the Commonwealth must show that a defendant acted "with intent to mislead a public servant in performing his official function," whereas false reports under section 4906(b)(2) does not require a defendant act with any specific intent.

***Compare*** 18 Pa.C.S. § 4904(a)(1), ***with id.*** § 4906(b)(2). Moreover, a conviction of unsworn falsification requires a defendant to make a written statement which a false report under section 4906(b)(2) does not require. Additionally, unsworn falsification requires the Commonwealth to establish that the defendant made a statement that he does not believe is true, while false reports requires the Commonwealth to show that a defendant knew he had no information but pretended to furnish authorities with information.

"Plainly, a person can commit either one of these crimes without necessarily committing the other, and therefore they do not merge." ***Merced***, 308 A.2d at 1283. As such, the trial court did not err in imposing separate sentences for each offense.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/11/2024