J-S06037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. HAMILTON | : | |
| | : | |
| Appellant | : | No. 643 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 7, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000498-2019

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: March 13, 2025**

Appellant, Robert W. Hamilton, appeals *nunc pro tunc* from the aggregate judgment of sentence of 19½ to 39 years' incarceration, imposed after a jury convicted him of various sexual offenses committed against three of his grandchildren. On appeal, Appellant argues that his sentence must be vacated because the trial court imposed illegal conditions on his parole. After careful review, we agree with Appellant and, thus, we vacate his judgment of sentence in part, and affirm in part.

The facts underlying Appellant's convictions are not germane to our disposition of the issue he raises on appeal. We only note that in July of 2021, a jury convicted Appellant of multiple counts of various sexual offenses, including involuntary deviate sexual intercourse, sexual assault, and indecent assault. After a hearing, Appellant was determined to be a Sexually Violent Predator (SVP) subject to lifetime registration under the Sexual Offender

Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42.

On April 7, 2022, Appellant was sentenced to an aggregate term of 19½ to 39

years' incarceration. After imposing Appellant's sentence of incarceration, the

court stated the following conditions:

> THE COURT: … [Appellant] shall obtain an updated mental health evaluation that focuses on Sex Offender treatment. Again, [Appellant's] required to register, the [c]ourt having found that he is a[n SVP].
>
> During the term of this sentence[, Appellant] shall consume no alcohol, be in no place where alcohol is served or sold, have no alcoholic beverages, drug paraphernalia, or controlled substance which there is no valid prescription for, either at his residence or any vehicle he's an occupant of.
>
> He shall have absolutely no contact whatsoever with any of the victims or their immediate family members.
>
> He shall have no contact with any juveniles.

N.T. Sentencing, 4/7/22, at 21.

Additionally, the court's written sentencing order contained the following

language:

> It is further ordered that as a condition of [Appellant's] parole [he] shall comply with the [c]ourt's standard conditions of supervision, and in addition, the following special conditions:
>
> > That [Appellant] shall obtain an updated mental health evaluation (focusing on sex offender treatment) and follow through with any recommended treatment and counseling and pay the costs thereof.
> >
> > That during the terms of this sentence [Appellant] shall consume no alcohol and shall not be in any place where alcohol is either served or sold nor have any alcoholic beverages whatsoever at his residence or in any vehicle that he is an occupant of. That [Appellant] shall have no drug paraphernalia or controlled substances which there is not a

valid prescription for either at his residence or in any vehicle that he is an occupant of.

\*\*\*

That [Appellant] shall have no unsupervised contact with any juvenile.

That [Appellant] shall [have] absolutely no contact whatsoever with any of the victim's [*sic*] or their immediate family.

That [Appellant] shall have a DNA sample of blood or tissue drawn and provided to the state DNA Data Base and the state DNA Data Bank and under no circumstances shall [Appellant] be released from incarceration unless and until such a DNA sample has been withdrawn. That [Appellant] shall pay the costs of $250 for having a DNA sample of blood or tissue drawn and processed by the Pennsylvania State Police DNA Laboratory.

Sentencing Order, 4/7/22, at 3 (unnumbered).

After Appellant's sentencing, his attorney withdrew. Ultimately, new counsel was appointed and Appellant's right to file an appeal was reinstated. *See* Appellant's Brief at 6. Appellant filed a *nunc pro tunc* notice of appeal within 30 days of the reinstatement of his right to do so. He and the court thereafter complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review: "Whether the [trial] court erred in imposing an illegal sentence by issuing conditions of parole where no authority existed for such issuance[?]" Appellant's Brief at 4.[1]

_____

[1] Appellant sets forth a second issue in the "Statement of Questions Involved" portion of his brief, wherein he simply states that, "[a]fter careful review of the [trial] court's [Rule] 1925[(a) o]pinion, thorough review of the record, and detailed review of [the] applicable caselaw, all other issues in Appellant's [Rule] 1925[(b) s]tatement are withdrawn." ***Id.***

- 3 -

Appellant argues that the trial court imposed an illegal sentence when it imposed conditions on his parole, namely, that he "not consume alcohol, not be in any establishments that serve alcohol, not possess alcohol, not have any unsupervised contact with minors, and not have any contact with the victims or their immediate families…." *Id.* at 9. Appellant asserts that where, as here, "a [d]efendant is sentenced to a maximum term of incarceration of more than two years, the [d]efendant receives a state sentence, making his eligibility for parole, as well as all terms or conditions of parole, subject to the exclusive jurisdiction of the Pennsylvania Board of Probation and Parole [(PBPP)]." *Id.* (citing **Commonwealth v. Mears**, 972 A.2d 1210, 1212 (Pa. Super. 2009) (citation omitted)). According to Appellant, there is no statutory authority permitting the court to impose conditions of parole on individuals, such as him, who are sentenced to a maximum term of incarceration of two or more years. Thus, he contends that the trial court's imposition of parole conditions was illegal.

In response, the Commonwealth concedes that if the conditions imposed by the court are conditions of Appellant's **parole**, then the court lacked authority to impose those conditions and "they would be considered advisory only." Commonwealth's Brief at 12. However, the Commonwealth argues that the court's statements at the sentencing proceeding demonstrate that the conditions were not ordered as part of Appellant's parole but, rather, as part of his sentence of incarceration. The Commonwealth insists that the imposition of **sentencing** conditions that apply while a defendant is

incarcerated should be, and is, within the trial court's authority and discretion. In support of its position, the Commonwealth argues that, "[b]y statute, a Judge is tasked with imposing a sentenc[e] with consideration to the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[,] and the guidelines for sentencing and resentencing adopted by the Pennsylvania Commission." *Id.* at 14-15 (citing 42 Pa.C.S. § 9721). The Commonwealth questions, "Why should [a Judge], then, be prevented from imposing the conditions that consider those factors?" *Id.* at 15. Indeed, the Commonwealth maintains that a trial court *must* have the authority to impose conditions of a defendant's *state incarceration*, even if it becomes the exclusive jurisdiction of the PBPP to impose conditions once the defendant is paroled. It reasons that,

> [t]he actions of an offender cannot be left in limbo between the time of the sentencing and the time he meets with the parole board. The Judge should be able to ensure all … the necessary and proper portions of a sentence are imposed — including preventing a sexually violent predator from contacting child victims.

*Id.*

We begin our assessment of Appellant's issue by recognizing that "[t]he matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality [of the sentence]." *Commonwealth v. Dennis*, 164 A.3d 503, 510 (Pa. Super. 2017) (citation and quotation marks omitted). Moreover, it is well settled that,

- 5 -

[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2006) (citations omitted).

As Appellant correctly observes, "[w]here the trial court imposes a maximum imprisonment sentence of two or more years, the [PBPP] has exclusive authority over the terms of the defendant's parole." *Commonwealth v. Merced*, 308 A.3d 1277, 1283 (Pa. Super. 2024), *appeal denied*, 326 A.3d 394 (Pa. 2024) (citing 61 Pa.C.S. § 6132; *Commonwealth v. Coulverson*, 34 A.3d 135, 141 (Pa. Super. 2011) (recognizing "that the [PBPP] has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years") (cleaned up)). Therefore, trial courts do not have statutory authority to impose conditions on a state parole sentence, and "'any condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only.'" *Coulverson*, 34 A.3d at 141-42 (quoting *Mears*, 972 A.2d at 1211 (additional citation omitted)); *see also* 61 Pa.C.S. § 6134(b)(1), (2). Pursuant to this legal authority, it is clear that the portion of the trial court's written sentencing order that purported to impose conditions on Appellant's parole must be vacated, as the court lacked authority to order such conditions.

Furthermore, even if the Commonwealth is correct that the court intended to impose the conditions on Appellant's sentence of incarceration,

and not his parole, we must reject its claim that the court possessed the authority to do so. Indeed, this Court has explicitly held that "the authority to impose a … special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections [(DOC)]." *Merced*, 308 A.3d at 1284 (citing *Commonwealth v. Richardson*, 296 A.3d 623 (Pa. Super. 2023) (unpublished memorandum) (vacating a state prison sentence when the trial court imposed conditions that the defendant refrain from contacting the victims);[2] *Commonwealth v. Olivo-Vazquez*, No. 730 MDA 2020, unpublished memorandum (Pa. Super. filed Jan. 5, 2021) (finding the trial court lacked statutory authority to impose a non-contact provision as part of an appellant's state incarceration sentence)).

Moreover, we discern no statutory authority to support the Commonwealth's position that the trial court could impose conditions on Appellant's sentence of incarceration. Notably, in 42 Pa.C.S. § 9754(b) of the Sentencing Code, our legislature explicitly authorized the trial court to impose conditions on a defendant's *probationary* sentence, yet there are no similar provisions relating to conditions on a sentence of confinement. As Appellant correctly points out, "where someone is sentenced to a term of total confinement, 42 Pa.C.S.[] § 9756 is controlling[,]" and

> [t]here, limited reference is made [only] to a court's authority to authorize a reentry plan if a maximum sentence is ***less than two***

---

[2] ***See*** Pa.R.A.P. 126(b) (stating that non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value).

- 7 -

> ***years***.  There is no authorization for conditions if a maximum sentence is two years or greater.

Appellant's Brief at 10 (emphasis added); ***see also*** 42 Pa.C.S. § 9756.

We reject the Commonwealth's argument that 42 Pa.C.S. § 9721(b) authorizes the court to impose conditions on a sentence of confinement. Section 9721(b) directs the court to consider certain factors in deciding ***what type of sentence to impose***, such as probation, incarceration, or a fine. ***See*** 42 Pa.C.S. § 9721(a) (setting forth the sentencing alternatives the court may impose); 42 Pa.C.S. § 9721(b) ("In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").  There is no language in section 9721 that can be read as providing the trial court with the authority to impose conditions on a sentence of confinement where the maximum term of incarceration exceeds two years.  Instead, the Sentencing Code supports our conclusion in ***Merced*** that the power to impose conditions on a sentence of state incarceration rests solely with the DOC.[3]

_____

[3] To address the Commonwealth's concern that, without the court's conditions, Appellant will be able to contact the victims during his incarceration, we point out that the DOC has rules which "prohibit inmates from corresponding with victims of their criminal acts or the immediate family members of their victims via mail without prior written approval." ***Olivo-Vazquez***, No. 730 MDA 2020, *(Footnote Continued Next Page)*

- 8 -

Finally, we note that in the trial court's opinion, it addressed only the conditions that Appellant not consume alcohol and that he obtain a mental health evaluation. First, the court conceded that it lacked authority to impose the no-alcohol condition on Appellant's parole, but it nevertheless concluded that no relief is due because the condition was "advisory to the [PDPP] only…." Trial Court Opinion, 10/17/22, at 6. However, the court's sentencing order does not reflect the court's intention to merely advise the PDPP; instead, it states that Appellant "shall comply" with the no-alcohol condition, and others, as "special conditions" of "[his] parole…." Sentencing Order at 3 (unnumbered). Therefore, the no-alcohol mandate, as well as the other 'special conditions' of Appellant's parole, must be vacated.

Second, the court concluded that it had authority to impose the condition that Appellant obtain a mental health evaluation because it is not a requirement of his parole, but "a condition of [Appellant's] sentence" stemming from his being deemed an SVP. *Id.* (citing 42 Pa.C.S. § 9718.1 (requiring a person designated as an SVP to "attend and participate in a [DOC] program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated in a State institution" for certain sexual offenses)).

_____

unpublished memorandum at *4 (citing DOC Procedures Manual, DC-ADM 803 Section 1 (A)(5)(f)(4), (5)). "Further, inmates are prohibited from initiating phone calls to a complainant unless the complainant submits a written request approved by the facility manager." *Id.* (citing DOC Procedures Manual, DC-ADM 818 Section 2(B)(2)(e)).

However, section 9718.1 does not mention a mental health evaluation, only counseling and therapy. Moreover, section 9718.1 clearly authorizes **the DOC** to "develop and provide the program of counseling or therapy for offenders[,]" and vests in the DOC "the **sole discretion** with respect to counseling or therapy program contents and administration, including the scheduling of an offender's attendance and participation." 42 Pa.C.S. § 9718.1(c) (emphasis added). Nothing in section 9718.1 authorizes **the trial court** to impose mental health evaluations, or other treatment conditions, as part of a sexual offender's state sentence of incarceration. Accordingly, the court's condition that Appellant obtain a mental health evaluation must also be vacated.

In sum, because Appellant was sentenced to a maximum term of more than two years, the PBPP has exclusive authority over the terms of his parole, and the DOC has exclusive authority over the conditions of his state incarceration sentence. **See Merced**, 308 A.3d at 1283. Consequently, the conditions set forth by the court at the sentencing hearing, and/or in its written sentencing order, are illegal and must be vacated. As our disposition does not disturb Appellant's sentence of incarceration, we affirm that portion of his judgment of sentence. We need not remand for resentencing.

Judgment of sentence vacated in part, affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  3/13/2025