J-A07015-25

**NO-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WARREN HARDING RAFFENSBERGER, JR. | : | |
| | : | No. 1119 MDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003515-2022

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: **FILED: MARCH 21, 2025**

Warren Harding Raffensberger, Jr. appeals from the no-contact provision of his judgment of sentence of eight to eighteen years of imprisonment. We vacate the no-contact condition, but affirm the judgment of sentence in all other respects.

By way of background, on August 13, 2022, Appellant struck his wife, causing bruising to her chest, after he threatened to "beat her like a man and . . . beat her face in." N.T. Guilty Plea, 5/2/24, at 5. The victim informed the responding police officers that Appellant kept a firearm, which he was barred from possessing due to his prior convictions for burglary and aggravated assault. *See* N.T. Trial, 3/13/24, at 91-93, 177.

Based on this incident, Appellant was charged with terroristic threats, simple assault, and persons not to possess a firearm. After a jury found him

guilty of persons not to possess, Appellant pled guilty to the first two charges. As part of his sentence, the court ordered that Appellant was prohibited from contacting his wife. **See** N.T. Sentencing, 6/26/24, at 16; Sentencing Order, 6/26/24, at 2. Appellant filed a post-sentence motion, which the court denied. He thereafter timely appealed, and he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our consideration: "Did the trial court err in imposing a condition of no contact with the victim, where the court had no jurisdiction to impose this condition, as the Pennsylvania Department of Probation and Parole has exclusive authority over state parole conditions?" Appellant's brief at 5. In its opinion, the court concedes that it erred in issuing a no-contact provision as part of Appellant's sentence.[1] **See** Trial Court Opinion, 9/6/24, at 1.

Appellant's challenge implicates the legality of his sentence. **See** **Commonwealth v. Merced**, 308 A.3d 1277, 1283 (Pa.Super. 2024) ("The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality." (cleaned up)). Therefore, "our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and must

---

[1] The Commonwealth also agrees that the court did not have the authority to impose this condition. **See** Commonwealth's brief at 3-5.

be vacated." ***Commonwealth v. Derrickson***, 242 A.3d 667, 673 (Pa.Super. 2020) (cleaned up).

This Court has recognized that pursuant to 61 Pa.C.S. § 6132, "[w]here the trial court imposes a maximum imprisonment sentence of two or more years, the Pennsylvania Board of Probation and Parole ('PBPP') has exclusive authority over the terms of the defendant's parole." ***Merced***, 308 A.3d at 1283. Additionally, "the authority to impose a [no]-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ('DOC')." ***Id***.

Accordingly, we agree with both parties and the trial court that the no-contact provision was improperly ordered. Appellant's maximum term of imprisonment of his aggregate sentence was eighteen years. Therefore, only the DOC and PBPP would have authority to impose a no-contact restriction on Appellant's incarceration and parole, respectively. The trial court could recommend a no-contact provision, however "it could not impose [that condition] as a matter of law." ***Id***. Thus, we vacate the no-contact provision of Appellant's judgment of sentence but affirm in all other respects.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/21/2025</u>