J-S18007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARVIN CARPENTER | : | |
| | : | |
| Appellant | : | No. 1522 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 22, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000422-2022

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED: July 1, 2025**

Appellant, Darvin Carpenter, appeals from the judgment of sentence entered by the McKean County Court of Common Pleas on December 22, 2023. Appellant challenges the legality of his sentence, specifically arguing that the sentencing court lacked the authority to impose conditions on the parole portion of Appellant's sentence.  Appellant's Br. at 4.  After review, we agree and vacate that portion of the sentence that requires Appellant, when on parole, to obtain a drug and alcohol evaluation and treatment and stay away from the victim.  We, however, affirm the judgment of sentence in all other aspects.

A detailed factual history is unnecessary to our disposition.  Briefly, on March 14, 2023, a jury convicted Appellant of 263 counts relating to the sexual

_____

[*] Former Justice specially assigned to the Superior Court.

abuse of, and the distribution of narcotics to, multiple minor victims for over two decades. On December 22, 2023, the court held a sentencing hearing. After hearing several victim impact statements, the court sentenced Appellant to an aggregate term of 160 to 230 years of incarceration, followed by 3 years of probation, with credit for 526 days of time served. Following the imposition of the sentence of incarceration, the court imposed the following special conditions:

> register for his lifetime under [] SORNA as a sexually violent predator. . . . [He] shall obtain an updated mental health evaluation, focusing on sex offender treatment, and follow through with all recommended treatment and counseling. He shall obtain an updated drug and alcohol evaluation, and follow through with the recommended treatment and counseling. He shall have absolutely no contact whatsoever, with any of the victims or their immediate family. No contact directly, no contact through letters, no contact through mail, no contact through third persons, no contact period. You shall have no contact with any juvenile under age—the age of 18 and less [*sic*] supervised by a competent adult. The consecutive period of probation [] shall be supervised by the Pennsylvania State Parole Board. The state special conditions for sex offenders [are] imposed in this case. . . . [He] is not RRRI eligible. [He] is not boot camp eligible. He is required to provide a DNA sample [and] pay the $250 fee for that test.

N.T. Sentencing, 11/22/23, at 28-29. The court's written sentencing order mandated that, "as a condition of [his] parole," Appellant must comply with the standard conditions, as well as "special conditions" including the prohibition on contacting the victims and the order for substance abuse treatment. Sentencing Order, 12/22/23, at 8-9 (unpaginated).

Appellant did not file any post-sentence motions or a notice of appeal. Following the appointment of new counsel, the court reinstated Appellant's

- 2 -

direct appeal rights *nunc pro* tunc, and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant raises the following issues for our review:

I. Whether the lower court erred in imposing an illegal sentence by issuing conditions of parole where no authority existed for such issuance.

II. After careful review of the lower court's [Rule] 1925[a] Opinion, thorough review of the record, and detailed review of applicable caselaw, all other issues raised in Appellant's [Rule] 1925 Statement are withdrawn.

Appellant's Br. at 4.

Appellant challenges the imposition of drug and alcohol evaluation and treatment and a no-contact order with the victims as "additional conditions to [his] sentence relating to parole." *Id.* at 9, 11. This claim implicates the legality of his sentence, and we, thus, apply a *de novo* standard of review and plenary scope of review. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

It is well-established that "if no statutory authorization exists for a particular sentence, that sentence is illegal and. . . must be vacated."

---

[1] Appellant filed a Pa.R.A.P. 1925(b) statement in which he only raised one claim—that the court erred in permitting a certain witness to give hearsay testimony pursuant to the Tender Years exception to the hearsay rule. As mentioned above, Appellant has withdrawn that challenge. We note, however, that Appellant, who now challenges the legality of his sentence did not raise this issue in his Rule 1925(b) statement. Since a defendant cannot waive a challenge to the legality of the sentence, we will address that issue. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013); *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*).

*Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted).

Section 9721(b) of the Sentencing Code requires the court to consider certain factors in deciding whether to impose a sentence of, *inter alia*, probation, incarceration, or a fine. 42 Pa.C.S. § 9721(b) ("In selecting from the [sentencing] alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

Section 9756 of the Sentencing Code, however, references the sentencing court's limited ability to authorize a re-entry plan following an incarceration sentence if a defendant's maximum term of incarceration is less than two years. 42 Pa.C.S. § 9756(a)(3). Therefore, when the maximum incarceration sentence is two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") "has exclusive authority over the terms of the defendant's parole." *Commonwealth v. Merced*, 308 A.3d 1277, 1283 (Pa. Super. 2024), *appeal denied*, 326 A.3d 394 (Pa. 2024). "[A]ny condition the sentencing court purport[s] to impose on [a defendant's] state parole is advisory only." *Commonwealth v. Coulverson*, 34 A.3d 135, 141-42 (Pa. Super. 2011) (citation omitted); *see also* 61 Pa.C.S. § 6134.

In **Merced**, we determined that the sentencing court lacked authority to impose conditions, such as a no-contact order, on the defendant while he was on parole when his maximum term of incarceration was 72 years. We observed that only the Department of Corrections had "authority to impose a non-contact provision as part of [the a]ppellant's state incarceration", and likewise, only the PBPP could impose such conditions on parole from an incarceration sentence longer than two years. **Id.** at 1283-84. In other words, when a defendant receives an incarceration sentence of more than two years, only the DOC or the PBPP can impose conditions on the sentence itself or parole. **Id.**

In **Commonwealth v. Hamilton,** 2025 WL 800453 (Pa. Super. Mar. 13, 2025) (*non-precedential*), this Court reviewed **Merced** and provided the following astute observation before vacating, *inter alia*, the sentencing court's no-contact order imposed as a condition of the appellant's sentence :

> [S]ection 9721(b) directs the court to consider certain factors in deciding **what type of sentence to impose**, such as probation, incarceration, or a fine. . . . There is no language in section 9721 that can be read as providing the trial court with the authority to impose conditions on a sentence of confinement where the maximum term of incarceration exceeds two years. Instead, the Sentencing Code supports our conclusion in **Merced** that the power to impose conditions on a sentence of state incarceration rests solely with the DOC.

**Id**., at *4 (emphasis in original, internal citations omitted).[2]

---

[2] **See** Pa.R.A.P. 126(b) (unpublished, non-precedential decisions of the Superior Court, filed after May 1, 2019, "may be cited for their persuasive value.").

Appellant asserts that "the lower court had no authority to issue[] the special conditions related to no contact and drug and alcohol evaluation and treatment" because his maximum sentence is more than two years. Appellant's Br. at 11. In support, he cites 42 Pa.C.S. § 9756, which he notes provides no authority to impose parole conditions on a sentence longer than two years. *Id.* at 10. He contrasts the limited ability to impose parole conditions with the court's broader ability to impose probation conditions. *Id.*

Although the court at the sentencing hearing imposed the conditions as part of Appellant's sentence, its written order indicates that the court imposed the conditions on Appellant's parole. Based on the authority cited above, because the sentencing court imposed a sentence of 160 to 230 years, a period of incarceration greater than two years, the DOC has exclusive authority over the conditions of his state incarceration sentence, and the PBPP has exclusive authority over the terms of his parole. *See Merced*, 308 A.3d at 1283. Therefore, the sentencing court lacked the authority to impose conditions on Appellant's parole and we vacate that portion of the sentence. As our disposition does not disturb Appellant's sentence of incarceration, we affirm that portion of the judgment of sentence. We need not remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).

Judgment of sentence vacated in part and affirmed in part.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/1/2025