J-S06023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM ISENBERG | : | |
| | : | |
| Appellant | : | No. 647 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000575-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DONALD ISENBERG | : | |
| | : | |
| Appellant | : | No. 648 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000710-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DONALD ISENBERG | : | |
| | : | |
| Appellant | : | No. 649 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 29, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000338-2022

J-S06023-26

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY SULLIVAN, J.:        **FILED: March 25, 2026**

William Isenberg a/k/a William Donald Isenberg ("Isenberg") appeals from the judgments of sentence imposed after he pleaded no contest to terroristic threats[1] and the trial court revoked his parole in a prior case and his probation in another prior case.  Isenberg's only issue on appeal is that the trial court lacked the authority to impose a "no-contact" provision in its sentencing order.[2]  We vacate the no-contact provision but affirm the judgments of sentence in all other respects.

We briefly summarize the background to this appeal.  In September 2024, Isenberg was arrested and charged with terroristic threats and related offenses at No. 575-2024.  At that time, Isenberg was on probation at No. 338-2022 and parole at No. 710-2022.  In January 2025, Isenberg pleaded no contest to one count of terroristic threats at No. 575-2024, and the trial court revoked the probation at No. 338-2022 and the parole at No. 710-2022.[3]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 2706(a)(1).

[2] Isenberg, the Commonwealth, and the trial court all assert the no-contact provision was illegal and request striking or correcting the sentence without a remand for resentencing.  **See** Isenberg's Brief at 6; Commonwealth's Letter at 1; Trial Court Opinion 9/16/25, at 5.

[3] Isenberg was *pro se* when he entered his plea and at sentencing.  The trial court had permitted the public defender to withdraw with Isenberg's consent, and the court determined Isenberg's decision to proceed *pro se* was knowing, intelligent, and voluntary.  **See** N.T., 1/6/25, at 43-44, 97.

- 2 -

On April 29, 2025, Isenberg appeared for sentencing in all three cases. At No. 710-2022, the trial court ordered Isenberg to serve the back time for the parole violation. At No. 338-2022, the trial court resentenced Isenberg to six to twelve months of imprisonment, and at No. 575-2024, the trial court sentenced Isenberg to a consecutive eighteen to thirty-six months of imprisonment. The trial court entered a single sentencing order, which, *inter alia*, contained a no-contact provision.[4]

On May 7, 2025, Isenberg filed a *pro se* letter, entitled as an "appeal brief," which the trial court regarded as a timely notice of appeal.[5] Following a hearing, the trial court appointed Isenberg new appellate counsel. After receiving extensions of time, Isenberg's counsel filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive Rule 1925(a) opinion.

As noted above, the sole issue in this appeal is whether the trial court's no-contact provision in the sentencing order was illegal, and both the

---

[4] The no-contact provision concerned the two victims in No. 710-2022, one of whom was also the victim in No. 575-2024.

[5] Isenberg's present counsel notes the trial court could have regarded Isenberg's *pro se* letter as a post-sentence motion. However, there is no indication that Isenberg claimed the *pro se* letter was a post-sentence motion, and considering it as such now would require quashing the appeals from No. 338-2022 and No. 710-2022, as Isenberg did not file notices of appeal within thirty days of sentencing in those cases, **see generally Commonwealth v. Duffy**, 143 A.3d 940, 942 (Pa. Super. 2016). In light of the trial court's single sentencing order and decision to accept the letter as notices of appeal, there was a breakdown excusing the need to file separate notices of appeal in each case. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*); **see also Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021)

Commonwealth and the trial court agree it was illegal. The trial court correctly states that **Commonwealth v. Merced**, 308 A.3d 1277 (Pa. Super. 2024), *appeal denied*, 326 A.3d 394 (Pa. 2024), controls this issue. **See** Trial Court Opinion, 9/16/25, at 5. As this Court explained in **Merced**:

> The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality. . . .
>
> Where the trial court imposes a maximum imprisonment sentence of two or more years, the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole. Further, the authority to impose a non-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections ("DOC").
>
> Therefore, trial courts do not have statutory authority to impose conditions on a state sentence, and any condition the sentencing court purports to impose on a defendant's state parole is advisory only.

**Merced**, 308 A.3d at 1283-84 (internal citations, quotation marks, and bracket omitted).

**Merced** is dispositive of the issue in this appeal, and the no contact-provision in the sentencing order must be vacated. However, this does not affect the overall sentencing structure, and we may vacate the no-contact provision of the sentencing order without a remand to the trial court. **See Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006). Accordingly, we vacate the no-contact provision from the sentencing order and affirm the judgment of sentence in all other respects.

Judgments of sentences vacated in part, in so far as the no-contact provision is stricken from the sentencing orders, but affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2026