J-S42024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LUGENE NELSON | : | |
| | : | |
| Appellant | : | No. 750 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 9, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003328-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LUGENE NELSON | : | |
| | : | |
| Appellant | : | No. 751 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 9, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003329-2022

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 19, 2026**

Appellant, Robert Lugene Nelson, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions for multiple counts of possession of a controlled substance with the intent to deliver ("PWID"), possession of a small amount of marijuana, possession of drug paraphernalia, persons not to possess

firearms, and carrying firearms without a license.[1]  We affirm in part and vacate in part.

The relevant facts and procedural history of this appeal are as follows. On March 23, 2022, Harrisburg Bureau of Police Officer Farida Kingsboro observed Appellant driving a blue Buick on Market Street.  After Appellant failed to utilize a signal when turning onto South 13th Street, Officer Kingsboro initiated a traffic stop.  As she approached Appellant's vehicle, the officer observed Appellant making furtive movements.  Officer Kingsboro ordered Appellant to exit the vehicle, and she conducted a pat-down search to ensure her own safety.  During the pat-down search, Officer Kingsboro felt what she believed to be crack cocaine in the left pocket of Appellant's pants.  The officer then retrieved three bags of crack cocaine from Appellant's pocket and placed Appellant under arrest.  Appellant subsequently consented to a search of his vehicle, which yielded two firearms, multiple bags of marijuana, and drug paraphernalia.[2]

On April 23, 2022, Officer Kingsboro again observed Appellant driving

_____

[1] 35 P.S. § 780-113(a)(30)-(32), 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

[2] At trial, Officer Kingsboro explained that she did not immediately file charges against Appellant.  Instead, police gave Appellant the opportunity "to possibly cooperate with [Harrisburg's] Drug Task Force for further work."  (N.T. Trial, 1/27-28/25, at 65).  Thereafter, Appellant did not cooperate.  Officer Kingsboro filed the initial criminal complaint against Appellant on April 20, 2022, and an arrest warrant was issued.

the same Buick on 13th Street. Aware of the active warrant for Appellant's arrest, Officer Kingsboro initiated another traffic stop. During the stop, Appellant was cooperative. After Appellant exited his vehicle, Officer Kingsboro conducted a search of Appellant's person incident to arrest. The search revealed a clear bag containing ten individually wrapped baggies of cocaine. A search of Appellant's vehicle yielded additional cocaine, marijuana, and drug paraphernalia.

At No. 3328 of 2022, the Commonwealth filed a criminal information charging Appellant with offenses related to the April 23, 2022 traffic stop. At No. 3329 of 2022, the Commonwealth filed a criminal information charging Appellant with offenses related to the March 23, 2022 traffic stop. On August 27, 2024, the Commonwealth filed a motion for joinder. The court granted the joinder motion, and Appellant proceeded to a jury trial on January 27, 2025. On January 28, 2025, the jury found Appellant guilty on all counts. After the jury issued its verdict, the court ordered a presentence investigation ("PSI") report and scheduled the matter for sentencing.

With the benefit of the PSI report, the court conducted Appellant's sentencing hearing on April 9, 2025. At the conclusion of the hearing, the court sentenced Appellant to an aggregate term of fourteen (14) to twenty-eight (28) years' imprisonment. The sentencing order included the following conditions for Appellant's supervision:

> Order no drugs, no alcohol, full-time employment. Order that the defendant take advantage of any programming at

the state prison, including drug and alcohol and mental health counseling.

Defendant is not to possess a firearm or other dangerous weapons, nor may one be kept in the approved residence.

Must notify the assigned probation and parole office of any change in address or employment within 72 hours of said change. Must report as directed to meetings with the assigned probation and parole office, submit to random and scheduled drug abuse screenings, pay on his fines and costs, receive an O.R.A.S. Assessment, and attend all recommended sessions. Must only reside at an approved residence and impose restrictions due to drug trafficking.

(Order, entered 4/9/25, at 2) (unnumbered). On Monday, April 21, 2025, Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence. The court denied Appellant's post-sentence motion on May 14, 2025.

Appellant timely filed a notice of appeal on June 6, 2025. On June 10, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Appellant's attorney provided notice of his intention to withdraw representation, pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel subsequently discovered meritorious issues to be raised on appeal, and he filed an advocate's brief with this Court on August 19, 2025.

Appellant now raises one issue for this Court's review:

Did the trial court impose illegal conditions of sentencing when it imposed conditions of parole when the sentences exceeded two years and were subject to the Board of Prisons and Parole's jurisdiction?

- 4 -

(Appellant's Brief at 5).

On appeal, Appellant contends that the trial court erred by including any conditions on his state sentence. Appellant cites 61 Pa.C.S.A. § 6132 for the proposition that Pennsylvania's Board of Probation and Parole ("PBPP") "has the exclusive authority to determine the terms of parole" when a sentence is two years or more. (*Id.* at 11). Appellant acknowledges that a trial judge may make recommendations regarding terms of parole, but he insists that any such terms are merely advisory if the sentence is two years or more.

> If the sentence is above two years, the [PBPP] determines the conditions. This does not mean that the [PBPP] may not ultimately adopt the conditions suggested by the trial court. However, they remain just that, suggestions.

(*Id.* at 13). Appellant concludes that the conditions of supervision in his sentencing order are illegal, and this Court must vacate the conditions. We agree.

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013). "When reviewing the legality of a sentence, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. McGraw**, 344 A.3d 813, 818 (Pa.Super. 2025) (quoting **Commonwealth v. Strouse**, 308 A.3d 879, 884 (Pa.Super. 2024)).

A claim that implicates the fundamental legal authority of

the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

*Infante, supra* at 363 (internal citations and quotation marks omitted).

"Where the trial court imposes a maximum imprisonment sentence of two or more years, the [PBPP] has exclusive authority over the terms of the defendant's parole." ***Commonwealth v. Merced***, 308 A.3d 1277, 1283 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 326 A.3d 394 (2024). The Prisons and Parole Code elaborates on this authority as follows:

**§ 6132. Specific powers of board involving offenders**

**(a)  General rule.**—The board shall have exclusive power:

\* \* \*

(3)  To establish special conditions of supervision for paroled offenders. Conditions of supervision must be based on the risk presented by and the rehabilitative needs of the offender. Conditions may be modified pursuant to section 6171 (relating to powers and duties of department) or if the board or its designee consents to such modification.

61 Pa.C.S.A. § 6132(a)(3).

"A judge may make at any time a recommendation to the board respecting the offender sentenced and the term of imprisonment the judge believes that offender should be required to serve before parole is granted …."

- 6 -

61 Pa.C.S.A. § 6134(1). "A recommendation made by a judge under paragraph (1) respecting the parole or terms of parole of an offender shall be advisory only." 61 Pa.C.S.A. § 6134(2). "No order in respect to the recommendation made or attempted to be made as a part of a sentence shall be binding upon the board or the department…." *Id.* "Therefore, trial courts do not have statutory authority to impose conditions on a state sentence, and 'any condition the sentencing court purports to impose on a defendant's state parole is advisory only.'" *Merced, supra* at 1284 (quoting *Commonwealth v. Coulverson*, 34 A.3d 135, 141-42 (Pa.Super. 2011)).

Instantly, the trial court crafted an aggregate sentence with a maximum term of twenty-eight (28) years of imprisonment. Considering the relevant statutes and caselaw, the trial court lacked authority to include parole conditions with Appellant's sentence. *See* 61 Pa.C.S.A. § 6132; *Merced, supra*. While the Prisons and Parole Code permitted the trial court to recommend these conditions, the trial court could not impose the conditions as a matter of law. *See* 61 Pa.C.S.A. § 6134. Accordingly, we vacate that portion of the sentence that imposed conditions upon Appellant's parole, and we affirm the sentence in all other respects. *See Commonwealth v. Mears*, 972 A.2d 1210, 1212 (Pa.Super. 2009) (vacating portion of sentence imposing conditions upon appellant's parole; affirming balance of sentence, which appellant did not challenge on appeal; and declining to remand for resentencing where this Court did not disturb appellant's aggregate

sentence).[3]

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/19/2026

---

[3] We observe that the circumstances of the current appeal differ slightly from what occurred in **Merced, supra**. In **Merced**, this Court determined that the trial court lacked authority to impose certain parole conditions. Further, we held that the trial court imposed illegal sentences for the appellant's convictions for corruption of minors. Thus, we remanded the matter for resentencing on those convictions. We added that, upon remand, the trial court could **suggest** the implementation of parole conditions.

Unlike **Merced**, the current appeal does not involve a challenge to any aspect of Appellant's sentence other than the imposition of parole conditions. Consequently, we need not order further proceedings where our holding is limited to vacating the portion of the sentence imposing the conditions. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa.Super. 2006), *appeal denied*, 596 Pa. 745, 946 A.2d 687 (2008) (reiterating that there is no need for remand if Superior Court's decision does not alter overall sentencing scheme).