J-S09035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES BRYAN MALONEY | : | |
| | : | |
| Appellant | : | No. 2752 EDA 2025 |

Appeal from the PCRA Order Entered September 30, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001154-2021

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 1, 2026**

Appellant, James Bryan Maloney, *pro se*, appeals from the September 30, 2025, Order of the Court of Common Pleas of Montgomery County denying his first petition under the Post-Conviction Relief Act (hereinafter "PCRA") as lacking merit. Appellant was convicted of three counts of rape of a child[1] following a stipulated bench trial[2] and was subsequently sentenced to ten to twenty years imprisonment, which he is currently serving. After careful

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. § 3121(c).
[2] We note that Appellant repeatedly represents in his brief that he tendered a plea of guilty or in the alternative a plea of *nolo contendere*. Appellant's brief at 1, 13, 14, 16, 17. However, the record belies this claim, showing Appellant was convicted following a stipulated bench trial. Notes of Testimony Stipulated Bench Trial 11/9/2022 at 12, 16. Additionally, an extensive colloquy was conducted of record concerning Appellant's decision to so proceed immediately prior to said trial. ***Id.*** at 3-12.

review, we affirm the order denying PCRA relief but vacate Appellant's judgment of sentence *sua sponte* and remand for resentencing.

The trial court set forth the following factual and procedural history in its opinion:

Defendant is the biological father of [M.M.] who is now legally [M.P.]. Between July 2019 and March 2020, [M.P.] was five (5) and six (6) years of age. On three (3) occasions between July 2019 and March 2020, Defendant engaged in sexual intercourse with [M.P.], as defined by statute, by putting his penis in her mouth. Defendant's penis penetrated [M.P.'s] mouth, however slightly, resulting in penetration. Specifically, Defendant engaged in sexual intercourse per os, or by mouth. On one occasion between July 2019 and March 2020, Defendant engaged in oral sexual intercourse with [M.P.] by putting his mouth on her vagina. All four (4) of these incidents took place at Defendant's residence [].

On October 18, 2022, Defendant filed a Motion for Dismissal due to Violation of [his] Constitutional Right to a Speedy Trial and/or Violation of Pa.R.Crim.P. 600, which the court denied following a hearing on November 7, 2022. On November 9, 2022, the court held a stipulated bench trial and found Defendant guilty of three (3) counts of rape of a child. On that same date, the court imposed an aggregate sentence of one-hundred twenty (120) to two-hundred and forty (240) months of imprisonment (ten (10) to twenty (20) years) and three (3) years of probation to run consecutive to the expiration of parole.[3]

On May 5, 2025, Defendant filed a timely PCRA Petition and the court appointed PCRA counsel. On August 18, 2025, PCRA counsel filed a "no-merit" letter in accordance with ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v, Finley***, 550 A.2d 213 (Pa.Super. 1988), together with a Petition to Withdraw as Court Appointed Counsel for Defendant. On

---

[3] The sentencing court further imposed non-contact with the victim as a special condition of Appellant's sentence. Notes of Testimony Stipulated Bench Trial 11/9/2022 at 18.

September 5, 2025, the court filed its Notice Pursuant to Pa.R.Crim.P. 907(1) of its Intention to Dismiss Defendant's PCRA Petition Filed May 5, 2025[,] Without a Hearing ("Rule 907 Notice"). That same date, the court granted PCRA counsel's Motion to Withdraw as Court Appointed Counsel for Defendant. On September 30, 2025, Defendant filed a response to the court's Rule 907 Notice. On that same date, the court dismissed Defendant's PCRA Petition without an evidentiary hearing. On October 16, 2025, Defendant filed a timely notice of appeal.

Trial Court Opinion filed 11/3/2025 at 1.

Appellant presents only two issues in his statement of questions involved:

> 1. Did the PCRA court err by granting court-appointed Counsel's petition to withdraw, after PCRA counsel failed to satisfy the technical prerequisites of **Turner/Finley**, thus violating Appellant's right to counsel and depriving Appellant of his Due Process and Equal Protection Rights
>
> *Suggested Answer: Yes.*
>
> 2. Did the PCRA court err when the Court prohibited Appellant leave to file a pro se Amended PCRA petition, after Appellant articulated PCRA counsel's ineffectiveness and sought auxilium from the Lower court to determine his trial counsel's ineffectiveness?
>
> *Suggested Answer: Yes.*

Appellant's brief at iv.

"When reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Rachak**, 2012 PA Super 260, 62 A.3d 389, 391 (Pa. Super. 2012). Further, "great deference is granted to the

findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Id.*

In Appellant's first issue, he contends that the PCRA court erred in granting PCRA counsel's petition to withdraw and asserts counsel did not provide Appellant with any documentation regarding counsel's petition in compliance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finnley**, 550 A.2d 213 (Pa.Super. 1988)(*en banc*). Indeed, it is well established that counsel seeking permission to withdraw must first provide their client with: "(1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." **Commonwealth v. Frazier**, 330 A.3d 882, 824 (Pa. Super. 2024)(*citing* **Commonwealth v. Muzzy**, 2016 PA Super 77, 141 A.3d 509, 510 (Pa. Super. 2016).

However, here the PCRA Court found that PCRA counsel did satisfy the requirements of **Turner** and **Finnley**. Trial Court Opinion 11/3/2025 at 2. Further, this finding is supported by the record on appeal. Although counsel's petition apparently lacks a formal certificate of service, he avers in his petition:

> "[u]ndersigned counsel has made a conscientious examination of the record, has corresponded with the petitioner, and has conducted meticulous research. Undersigned counsel has found no arguable merit to the pro se PCRA petition nor did his examination of the record reveal any issues of arguable merit; hence, counsel respectfully requests permission to withdraw.

> [] Pursuant to the requirements of **Commonwealth v. Finley**, 550 A.2d 231 (Pa. Super. 1988), counsel has sent to petition [sic] by first class mail a copy of the instant motion and the "no merit" letter which sets forth the grounds for counsel's belief that the pro se PCRA petition is without merit. Counsel has also forwarded a letter to petition [sic] advising him that should the Court grant this motion, petitioner would no longer be entitled to free, court-appointed counsel on this case but may continue with the litigation by retaining counsel or by acting pro se. Petitioner has further been advised in writing that he may object to the granting of this motion to withdraw."

Motion Seeking Permission to Withdraw as Counsel filed 8/18/2025 at 1-2.

As this Court is bound only to reverse where the PCRA court's factual findings have **no** support in the certified record, and counsel's representation in his petition is competent evidence that the appropriate documentation was served upon Appellant in the manner indicated, we find no basis to disturb the findings of the lower court.[4] **See Commonwealth v. Rogers-Jordan**, 237 A.3d 1056, n.4, (Pa. Super. 2020)(*unpublished*)(*holding* lack of a certificate of service was not fatal where counsel represented in a letter filed of record

---

[4] To the extent Appellant invites this Court to rely on the exhibit to his brief purporting to be a complete "Inmate Correspondence History" showing that he did not receive any correspondence from PCRA counsel during the relevant timeframe, as this exhibit was not submitted to the trial court, it is not part of the certified record, and thus this Court may not review it. **See Commonwealth v. Johnson**, 33 A.3d 122, 126 n. 6 (Pa. Super. 2011)("This Court has regularly stated that copying material and attaching it to a brief does not make it a part of the certified record, [and, i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case")(internal citations omitted).

that relevant documents were sent to Appellant); **Commonwealth v. Steadley**, 251 A.3d 1271, n.2 (Pa. Super. 2021)(*unpublished*)(*holding* a petition's lack of proof of service was not fatal where counsel avers in that petition that relevant documents were sent to Appellant); **Rachak, supra.** Thus, Appellant's first issue merits no relief.

In Appellant's second issue, he contends that the PCRA court erred in denying him permission to amend his PCRA petition. While Appellant is correct that "PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition," and "amendment should be freely allowed to achieve substantial justice," Appellant's brief at 10 (*citing* **Commonwealth v. Crispell**, 648 Pa. 464, 193 (Pa. 2018)), he does not identify in his brief any defects in his initial petition which he sought to correct, nor any new issues he sought to raise, nor any other discernable reason why permission to amend ought to have been granted. Rather, Appellant merely asserts the trial court ought to have permitted him to amend his petition and then proceeds to merely present the issues already included in his unamended petition in much the same manner as they had already appeared.

As such, we find Appellant's second issue merits no relief where Appellant fails to develop a coherent argument as to how the authority cited applies to the circumstances of his case. **See Commonwealth v. Armholt**, 294 A.3d 364, 369 (Pa. 2023)(finding waiver for Appellant's "failure to develop

- 6 -

any meaningful discussion with argument, applicable authority, and pertinent analysis.")(internal citation omitted).

However, in reviewing Appellant, and Appellee's, brief we find that there is a viable issue presented by the circumstances of this case, though it is unnecessarily embedded in a claim of ineffective assistance of direct appeal counsel, which is itself presented inartfully in the section of Appellant's brief relating to the lower court's denial of his petition to amend[5]. Here, the sentencing court imposed a non-contact provision as a special condition of Appellant's sentence of incarceration at a state correctional institution (hereinafter "SCI"). As this Court has previously observed, sentencing courts lack the statutory authority to do so. **Commonwealth v. Merced**, 308 A.3d 1277, 1283-84 (Pa. Super. 2024 )("the authority to impose a non-contact provision as a special condition of a defendant's state incarceration rests with the Pennsylvania Department of Corrections; the Pennsylvania Board of Probation and Parole ("PBPP") has exclusive authority over the terms of the defendant's parole"). "Therefore, […] any condition the sentencing court purports to impose on a defendant's state parole is advisory only." **Id.**

Here, there is no need to assess whether direct appeal counsel was indeed ineffective, nor need we parse through the logic of presenting this issue

_____

[5] We note the Commonwealth's candor in addressing and acknowledging the illegality of Appellant's sentence, though no such claim was properly presented to this Court. Appellee's Brief at 7, n.2.

as a component of Appellant's argument concerning denial of his petition to amend. As the sentence imposed is on its face illegal, and Appellant's PCRA petition was timely filed, this Court may directly review the legality of his sentence *sua sponte*. **Commonwealth v. DiMatteo**, 177 A.3d 182 (2018); **Commonwealth v. Randal**, 2003 PA Super 465, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*)(observing that challenges to an illegal sentence cannot be waived and may be raised by this Court *sua sponte*, so long as jurisdiction is proper; further noting illegal sentences must be vacated); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)(*observing* "legality of sentence is always subject to review within the PCRA"). As discussed above, the sentencing court in this case clearly lacked authority to impose non-contact with the victim as a special condition of Appellant's incarceration in an SCI, or as a special condition of Appellant's parole. **Merced, supra**. Therefore, Appellant's judgment of sentence must be vacated and this matter remanded for resentencing.

However, we emphasize that this ruling is not intended to be interpreted as this Court holding or suggesting that Appellant must or should be permitted to have contact with the victim in this case as a matter of law. The sole issue addressed by this decision is the authority of the sentencing court to impose a special condition relative to Appellant's state sentence. As we noted in **Merced**, the limit of the sentencing court's authority in these matters is to recommend such conditions be implemented, but it may not impose them as

a matter of law. ***Id.*** at 1284. Again, "the authority to impose a non-contact provision as part of Appellant's state incarceration rest[s] with the Pennsylvania DOC[, and the] PBPP would likewise have the authority to set any similar constraints during Appellant's parole." ***Id.***

Thus, for the foregoing reasons, we affirm the PCRA Court's order, we vacate Appellant's judgment of sentence *sua sponte*, and we remand this matter to the Court of Common Pleas of Montgomery County for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/1/2026